UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

EUGENE RANDOLPH,

                                        Plaintiff,

    -against-

CITY OF NEW YORK, EDWIN FELICIANO, Individually,
JAMES DONOVAN, Individually, JUAN ORTIZ, Individually,
JASON DELTORO, Individually, RUDY LAHENS, Individually,
SANTO LIZ, Individually, and RICHARD ALLISON, Individually,

                                        Defendants.

---------------------------------------------------------------------------------X

**COMPLAINT**

Index No.

Jury Trial Demanded

      Plaintiff EUGENE RANDOLPH, by his attorneys, the Leventhal Law Group, P.C., complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

      1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

## JURISDICTION

      2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

      3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

      4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff EUGENE RANDOLPH is a fifty-nine-year old African American man.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, EDWIN FELICIANO, JAMES DONOVAN, JUAN ORTIZ, JASON DELTORO, RUDY LAHENS, SANTO LIZ and RICHARD ALLISON were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the CITY OF NEW YORK.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

## FACTS

12. On December 6, 2012, at approximately 6:00 p.m., on 42nd Street between 8th Avenue and 9th Avenue in Manhattan, New York, defendant EDWIN FELICIANO stopped and arrested plaintiff EUGENE RANDOLPH.

13. During RANDOLPH'S arrest, RANDOLPH was compliant with the defendant FELICIANO and did not act in any manner necessitating the use of force.

14. During RANDOLPH'S arrest, FELICIANO grabbed RANDOLPH, threw him against a vehicle, pinned his face against said vehicle, and stated in sum and substance, you tried to blow my partner's cover by asking her to smoke marijuana.

15. RANDOLPH responded, in sum and substance, take it easy on me, I have poor circulation in my leg, the pills I have were legally prescribed for my illnesses including poor circulation.

16. FELICIANO elbowed RANDOLPH on his back and kicked his legs apart.

17. RANDOLPH again explained that he has poor circulation in his right leg and told FELICIANO, in sum and substance, take it easy on my leg.

18. In response, FELICIANO kicked RANDOLPH's right lower leg approximately three times.

19. RANDOLPH pleaded with FELICIANO, stating in sum and substance, I have bad circulation, take it easy on my leg.

20. FELICIANO responded by cursing at RANDOLPH and asked RANDOLPH, in sum and substance, what are you looking at.

21. RANDOLPH responded that he was looking at FELICIANO and asked

FELICIANO, in sum and substance, why do you keep kicking my leg after I told you that I'm taking medication for poor circulation in that leg.

22. In response, FELICIANO grabbed RANDOLPH, turned him around, pushed him against a vehicle and kicked him forcefully in the back of the right leg behind his knee.

23. RANDOLPH slumped down against the vehicle in pain.

24. FELICIANO picked RANDOLPH up and again kicked him behind his right knee.

25. FELICIANO then escorted RANDOLPH to a police vehicle. As RANDOLPH was getting into the vehicle, FELICIANO again kicked RANDOLPH behind his right knee.

26. FELICIANO engaged in the above use of unreasonable and excessive force in the presence of defendants JAMES DONOVAN, JUAN ORTIZ, JASON DELTORO, RUDY LAHENS, SANTO LIZ and RICHARD ALLISON.

27. Defendants DONOVAN, ORTIZ, DELTORO, LAHENS, LIZ, and ALLISON heard RANDOLPH repeatedly state that he was on medication for poor circulation and observed FELICIANO repeatedly subject RANDOLPH to the above described use of force.

28. Defendants DONOVAN, ORTIZ, DELTORO, LAHENS, LIZ, and ALLISON did nothing to stop FELICIANO from subjecting RANDOLPH to the above described use of force despite having a reasonable opportunity to intervene.

29. As a result of the above described misconduct of the defendants, RANDOLPH'S right leg was amputated above the knee on December 14, 2012, at the Elmhurst Hospital Center.

30. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the CITY OF NEW YORK, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to a custom, policy, and/or practice of NYPD officers: subjecting individuals to excessive force; failing to

intervene when another officer subjects an individual to excessive force; failing to report another officer's use of excessive force against an individual; and failing to properly investigate complaints of excessive force made against NYPD officers by individuals.

31.     The aforesaid event is not an isolated incident. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed in the United States District Courts in the Southern and Eastern Districts of New York as well as in New York State courts.  As a result, defendant CITY OF NEW YORK is aware (from said lawsuits as well as notices of claims filed with the CITY OF NEW YORK, and complaints filed with the NYPD's Internal Affairs Bureau and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants: subject individuals to excessive force; fail to intervene when another officer subjects an individual to excessive force; fail to report another officer's use of excessive force against an individual; and fail to properly investigate complaints of excessive force made against NYPD officers by individuals.

32.     Defendant CITY OF NEW YORK is further aware that said improper training, supervision, and practices have often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the defendant officers in the present case to violate plaintiff's civil rights.

33.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

34. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

35. All of the aforementioned acts deprived plaintiff EUGENE RANDOLPH of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

38. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

39. As a result of the foregoing, plaintiff EUGENE RANDOLPH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983 as to defendant FELICIANO)

40. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. The level of force employed by defendant FELICIANO was excessive, objectively unreasonable and otherwise in violation of plaintiff EUGENE RANDOLPH'S constitutional rights.

42. As a result of the aforementioned conduct of defendant FELICIANO, plaintiff EUGENE RANDOLPH was subjected to excessive force and sustained severe physical and emotional injuries.

43. As a result of the foregoing, plaintiff EUGENE RANDOLPH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983
as to defendants DONOVAN, ORTIZ, DELTORO, LAHENS, LIZ, and ALLISON)

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants DONOVAN, ORTIZ, DELTORO, LAHENS, LIZ, and ALLISON had an affirmative duty to intervene on behalf of plaintiff EUGENE RANDOLPH, whose constitutional rights were being violated in their presence by defendant FELICIANO.

46. Defendants DONOVAN, ORTIZ, DELTORO, LAHENS, LIZ, and ALLISON failed to intervene to prevent the unlawful conduct described herein.

47. As a result of the foregoing, plaintiff EUGENE RANDOLPH was subjected to excessive force.

48. As a result of the foregoing, plaintiff EUGENE RANDOLPH is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(<u>Municipal Liability under 42 U.S.C. § 1983 as to defendant CITY OF NEW YORK</u>)

49. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

51. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff EUGENE RANDOLPH'S rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

52. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department also included, but were not limited to: subjecting individuals to excessive force; failing to intervene when another officer subjects an individual to excessive force; failing to report another officer's use of excessive force against an individual; and failing to properly investigate complaints of excessive force made against NYPD officers by individuals.

53. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff EUGENE RANDOLPH.

54. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff EUGENE RANDOLPH as alleged herein.

55. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff EUGENE RANDOLPH as alleged herein.

56. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff EUGENE RANDOLPH was subjected to excessive force and officers failed to intervene in said use of excessive force.

57. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff EUGENE RANDOLPH'S constitutional rights.

58. All of the foregoing acts by defendants deprived plaintiff EUGENE RANDOLPH of federally protected rights, including, but not limited to, the right:

    A.    To be free from excessive force; and

    B.    To be free from the failure to intervene.

59. As a result of the foregoing, plaintiff EUGENE RANDOLPH is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff EUGENE RANDOLPH demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
December 4, 2015

                                      LEVENTHAL LAW GROUP, P.C.
                                      Attorneys for Plaintiff EUGENE RANDOLPH
                                      45 Main Street, Suite 230
                                      Brooklyn, New York 11201
                                      (718) 556-9600

                                      By:    s/_____
                                                JASON LEVENTHAL (JL1067)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------------X

EUGENE RANDOLPH,

                                      Plaintiff,

                                                                  Index No.

        -against-

CITY OF NEW YORK, EDWIN FELICIANO, Individually,
JAMES DONOVAN, Individually, JUAN ORTIZ, Individually,
JASON DELTORO, Individually, RUDY LAHENS, Individually,
SANTO LIZ, Individually, and RICHARD ALLISON, Individually,

                                      Defendants.

----------------------------------------------------------------------------------X

**COMPLAINT**

**LEVENTHAL LAW GROUP, P.C.**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 556-9600