UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

EUGENE RANDOLPH,

                        Plaintiff,

         -v-

CITY OF NEW YORK, *et al.*,

                        Defendants.

15-CV-9518 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      In March 2014, Plaintiff filed a lawsuit in the Civil Court of the City of New York for, among other things, an alleged assault and battery by New York City Police Officers. (Dkt. No. 38, Ex. A.) Plaintiff's further alleged claims against New York City Health and Hospitals Corporation, Beth Israel Medical Center, and Corizon Health, which stem from his medical treatment following interaction with the police. (*Id.*) The present action was filed in December 2015. (Dkt. No. 1.) It is nearly identical to the previously filed action and alleges 42 U.S.C. § 1983 federal claims of excessive force and municipality liability. (*Id.*)

      On August 12, 2016, Defendants filed a motion to dismiss the present action under the doctrine of *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), as duplicative of the more comprehensive pending Civil Court action. (Dkt. No. 37.) The *Colorado River* abstention doctrine applies to situations involving "the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts." *Id.* at 817. Abstention is proper when "the same parties are contemporaneously litigating substantially the same issue in another forum." *Dittmer v. County of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998) (quoting *Day v. Union Mines Inc.*, 862 F.2d 652, 655 (7th Cir.1988) (internal quotation mark omitted)). Here, Defendants point out that the proceedings are "parallel" as "there is an identity

1

of parties, and the issues and relief sought are the same." *Shields v. Murdoch*, 891 F. Supp. 2d 567, 577 (S.D.N.Y. 2012) (citation and internal quotation marks omitted).

Plaintiff does not object to dismissal of this action on the ground of abstention, so long as such dismissal is "without prejudice to plaintiff filing the claims brought herein in the Supreme Court of the State of New York pursuant to N.Y.C.P.L.R. § 205." (Dkt. No. 40.)

Accordingly, the action is dismissed without prejudice pursuant to the *Colorado River* abstention doctrine. The Clerk of Court is directed to close the motion at Docket Number 36 and to close the case.

SO ORDERED.

Dated: March 6, 2017
New York, New York

_____
J. PAUL OETKEN
United States District Judge